Kirkpatrick C. J.
This is a motion for a new trial. The substance of the case, omitting immaterial circumstances, is this:
Havens and Strong had an execution against one Kerr, issued out of the Inferior Court of Common Pleas of the county of Sussex, returnable to November term 1814, for the sum of $597.46; upon this, and a prior execution, in his hands, returnable to the same term. Linn, the then sheriff, by the request of Kerr, levied upon and sold his real estate, and paid the proceeds thereof upon those executions, according to their priority, leaving a balance due, upon that of the plaintiffs.
After this, one Armstrong obtained a judgment against the same Kerr, for $2165.25, and sued out execution thereupon, returnable to May term 1815; upon which execution, the same sheriff seized and sold certain goods of the said Kerr, then found, to the amount of $500, and paid the same to the said Armstrong.
Subsequent to all these proceedings, Havens and Strong sued out a ca. sa. for the residue of their judgment, upon which Kerr was arrested and taken into custody, and was afterwards discharged by their order. They then brought this action against the sheriff, for the said residue of their debt, because he had neglected or refused to levy upon and sell these goods by virtue of their execution, and to apply the proceeds thereof towards the payment of the same, alleging that the said goods were then the property of the said Kerr, and in his hands; that they were bound by their said execution, and ought to have been levied on and sold for their benefit.
Upon the trial of the cause, we are to presume these allegations respecting these goods, were made out to the *924 satisfaction of the jury, for there was a verdict for the And the question is, whether upon this state Gf facts, they were entitled to recover against the sheriff, after having so taken the defendant upon a ca. sa. for the same residue, and then discharged him out of custody ?
The case of Ustic v. Allen, in this court, (Coxe 168) I think, settles this question, and even goes further. There the sheriff had rendered himself liable to amercement, for the debt and costs, before the ca. sa. and discharge ; and upon a motion to amerce, which aims at the punishment of the officer as well as the payment of the debt, it was adjudged for the sheriff, for the'debt was satisfied by the taking of the defendant’s body.
But as there seems to be some doubt about the principles of the law, upon this subject, it may be well to look into it a little.
We will take it, that the sheriff had rendered himself liable for this residue, and that, being so liable, the plaintiffs took out a ca. sa. against the defendant, and caused him to be taken into custody, and then discharged him ; and the question will be, whether they can come back upon the sheriff?
If a man be arrested upon a ca. sa., he shall be considered as in custody, immediately upon the arrest, and before the return of the writ. 1 Rol. 901. Whether Kerr, then, had been actually locked up in the prison, or not, and whether the plaintiffs, upon the return of the writ, had entered a committitur, or not, makes *no difference. As soon as he was arrested, theca, sa. was executed; he was in custody upon it; the- plaintiffs had the effect of it.
Now, if a ca. sa. be executed, that is sufficient in law, for the whole debt; for corpus humanum non recipit estimationem; so that if you take the body at all, you take it for the whole debt. Hob. 52. Again. A ca. sa., as respects the party against whom it is taken, is a full satisfaction by force, act, and judgment, of law ; so that against him and his representatives, there can be no other; for when the plaintiff hath begun and chosen the body, he can resort to no other, execution against the self-same party. Hob. 59. It is a complete satisfaction, in law, of that very *925 suit or judgment, in which it is taken. Ibid. It is true that the common law has been altered by statute, in this respect, in cases where the defendant escapes or dies in prison; there, by the force of the statute, there may be a resort to the goods, but in all other cases, and especially a case like this, it still remains in its full force. So far as respects Kerr, then, and so far as respects this residue, as a part of this very suit and this very judgment, this ca. sa. was a complete satisfaction.
It must be admitted, however, that though this be so, yet it is not a satisfaction in the same sense, and to the same extent, as the payment of the money would be ; it is not a satisfaction to all purposes, and in favour of all persons. As if two be bound in a bond, jointly and severally, and there be several judgments against them, and one be taken on a ca. sa., that cannot be pleaded in satisfaction, by the other, though it be for the very same debt. Hob. 60. So if two commit a trespass, and there he several judgments, and one be taken upon a ca. sa., the other cannot plead this in exoneration of himself, though the plaintiff has but one satisfaction. But this regards the mere taking of the body only, without regard to ulterior proceedings ; for, even in these cases, if one be actually taken, and then suffered to go at large, by the license or command of the plaintiff, it may be pleaded by the other, and shall be a complete discharge. Oro. Gar. 75.
The case of Hayling v. Mullhall, (2 Black. 1285) has been cited, as containing a doctrine contrary to this last. There, the endorsee of a bill of exchange sued the last endorser, and took his body in execution, and afterwards let him out on a letter of license ; then he sued the first endorser, and it was pleaded, that *the debt was satisfied by the imprisonment of him that was first sued, and held to he a good plea. And, though I do not very well see the force of what the judges there say, in support of their opinion, yet there was this good reason for it, that it was of no consequence to the first endorser, whether the last was discharged or not; it did not at all affect his ultimate liability; he had endorsed the bill, and he must answer for the amount to somebody, if the drawer did not pay. But if the endorsee had first sued the drawee of the bill, *926 upon his acceptance, and taken his body, and afterwards discharged him from imprisonment, and then sued this endorser, would it not have been otherwise ? Certainly; for an arrest and discharge of the original debtor would have been a satisfaction, as to him, and, of course, to all the endorsers, for they could have no resort to him after-wards. But whatever may be said with respect to liabilities, upon bills of exchange, the general doctrine is, that wherever the actual payment of the money might be pleaded as a satisfaction, and as a total discharge of him that pleads it, a voluntary discharge upon a ca. sa. may also be pleaded ; and the party against whom it is pleaded, shall not be permitted to aver against it, that the money has not been actually paid. Whitnax v. Hankinson, Cro. Car. 75.
If, therefore, we view this action as founded upon the judgment against Kerr, and as a means of compelling the payment of this residue, out of his property, the plaintiffs must fail, for that judgment is already satisfied by the body. If we view it as founded upon the liability of the sheriff, for his neglect of duty, without relation to Kerr’s property at all, the plaintiffs still must fail; for the sheriff, having rendered himself answerable for the debt, stands in the nature of a security only, or; if you please, in the situation of a co-obligor, jointly and severally bound, and, therefore, may plead the discharge, and it shall be a good plea.
In whatever light ■ we view it, therefore, I think the plaintiffs must fail, and, therefore, that the verdict must be set aside.
Rossell J.
The case in Coze 168, is conclusive.